UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUBURBAN AIR EXPRESS, INC., ) <br> a Nebraska Corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TOHME FAMILY TRUST, a Texas ) <br> Family Trust, et al., ) <br> ) <br> Defendants. ) | Case No. CIV-21-39-G |

# ORDER

Now before the Court is a Motion to Dismiss (Doc. No. 33) filed by Defendants ATI Jet, Inc. ("ATI Jet") and DeeAnna Underhill ("Underhill") (collectively, "Moving Defendants").[1] Plaintiff Suburban Air Express, Inc., ("Suburban") has responded (Doc. No. 35). The Moving Defendants seek dismissal of the claims against them pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure. Having reviewed the parties' submissions, the Court makes its determination.

   I.   *Background*

Suburban bought an aircraft from the Tohme Family Trust (the "Trust"). The contract of sale entered into by Suburban and the Trust (the "Aircraft Purchase Agreement" or "Agreement") included a forum selection clause, which provided:

> **10.2 Choice of Law.** Prior to the Closing of the Aircraft, in the event of any dispute regarding the escrow deposit, the courts of the **State of Oklahoma** or the United States District Court for the Western District of Oklahoma shall have exclusive jurisdiction to hear all disputes against the Escrow Agent.

---

[1] Defendant Tohme Family Trust does not join in the Motion to Dismiss.

> Should a dispute arise between Buyer and Seller relating to any funds or other items which are in the possession of the Escrow Agent, the Escrow Agent shall be entitled to inter-plead any funds or other items in its possession with the competent courts of the State of Oklahoma. Subsequent to Closing (except for any matters related to funds held by Escrow Agent), this Agreement shall be construed in accordance with, and governed by, the laws of **the state of Oklahoma and venue for such dispute shall lie in the applicable state or federal courts of Oklahoma City, OK.**

Defs.' Mot. Ex. 1, Agt. ¶ 10.2 (Doc. No. 33-1) (emphasis in original).

After the sale, Suburban allegedly discovered that during the contract negotiations the Trust and parties acting on its behalf—namely ATI Jet and Underhill—failed to disclose material facts related to an aircraft maintenance fee deferral program. Suburban initiated this action against the Trust and ATI, premising the Court's subject-matter jurisdiction upon diversity of citizenship under 28 U.S.C. § 1332[2] and stating that venue is proper in this Court pursuant to the Agreement's forum selection clause. *See* Compl. (Doc. No. 1) ¶¶ 4-5. Subsequently, Suburban filed an Amended Complaint, adding Underhill as a defendant. *See* Am. Compl. (Doc. No. 29) ¶¶ 4.

Suburban's allegations include various acts taken by ATI Jet and Underhill on behalf of the Trust relating to the sale. Suburban alleges that ATI Jet "offered for sale in publications a 1979 Cessna 501, Jet aircraft, Serial No. 0298" (the "Aircraft"). *Id.* ¶ 7. When an inquiry was made by Suburban's president, Mark Meyer, Underhill "responded"

---

[2] No party disputes that there is diversity of citizenship. In its pleadings, Suburban states it is a Nebraska Corporation, authorized to do business in Alaska with its principal place of business in Fairbanks, Alaska. *See* Am. Compl. ¶ 1. Suburban further alleges that the Trust is a Texas Family Trust, and Defendant ATI Jet is a Texas Corporation. *See id.* ¶¶ 2-3. Suburban does not allege a residence for Defendant Underhill but merely states that she is the Director of National Sales for Defendant ATI Jet. *See id.* In the Motion to Dismiss, Underhill states that she is a resident of Texas. *See* Defs.' Mot. at 2.

and "detailed for [Meyer] the aircraft specifications." *Id.* Suburban alleges that on October 3, 2020, Meyer and Underhill agreed that Suburban would purchase the Aircraft for $900,000. *See id.* ¶ 8. Suburban alleges that the Agreement was drafted by ATI Jet and Underhill, and on October 8, 2020, signed by Meyer on behalf of Suburban and by Lyle Byrum on behalf of the Trust. *See id.* ¶¶ 10-11.[3]

According to Suburban, the Aircraft was enrolled in an engine maintenance program called Williams Jet TAP Blue. *See* Am. Compl. ¶¶ 12-14. Suburban alleges that the Trust deferred engine maintenance fees under the Williams Jet program, resulting in two charges by Williams: one for $26,770.73, and the second for $117,603.25. *Id.* ¶ 12. Suburban states that "Defendants, through their agent DeeAnna Underhill, [misled] and deceived [Suburban] by disclosing only a portion of the Williams Jet deferral charges," specifically that Defendants disclosed the $26,770.73 charge but not the $117,603.25 charge. *Id.*

## II.   Applicable Standards

Moving Defendants seek to dismiss the claims against them pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction and 12(b)(3) for improper venue.[4] When the Court's jurisdiction over a defendant is contested, the plaintiff bears the burden of proving that personal jurisdiction exists. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995); *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074 (10th Cir.

---

[3] Suburban alleges that Byrum is Defendant ATI Jet's registered agent and a trustee of Defendant Tohme Family Trust and that Roberto Tohme is a participant in the Tohme Family Trust and the co-owner and Chief Financial Officer of Defendant ATI Jet. *See* Am. Compl. at ¶¶ 2-3.

[4] The Court does not reach Moving Defendants' argument regarding improper venue.

3

2004). In the preliminary stages of litigation, however, "the plaintiff's burden is light." *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008). Where, as here, the Court considers a pretrial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, "the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." *Id.* at 1056-57 (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998)). "[A]ll factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Wenz*, 55 F.3d at 1505 (internal quotation marks omitted).

To establish personal jurisdiction over a nonresident in a diversity action, a plaintiff "must demonstrate that jurisdiction is proper under the laws of the forum state—in this case Oklahoma—and that the exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment." *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020). Oklahoma has enacted a "long-arm" statute that authorizes its courts to exercise jurisdiction to the maximum extent permitted by the Constitution. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1416-17 (10th Cir. 1988); *see* Okla. Stat. tit. 12, § 2004(F). Accordingly, the Court's inquiry is reduced to a single question: whether the Court's exercise of jurisdiction over the Moving Defendants is consistent with constitutional due process. *See Shrader*, 633 F.3d 1235, 1239 (10th Cir. 2011); *Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).

The due process standard requires that the defendant "purposefully established minimum contacts within the forum state" and that the exercise of jurisdiction comports

with "traditional notions of fair play and substantial justice." *Dental Dynamics, LLC*, 946 F.3d at 1229 (internal quotation marks omitted). The "minimum contacts" standard may be satisfied by showing either general or specific jurisdiction. *See OMI Holdings, Inc.*, 149 F.3d at 1090-91. Specific jurisdiction "requires, first, that the out-of-state defendant must have 'purposefully directed' its activities at residents of the forum state, and second, that the plaintiff's injuries must 'arise out of' defendant's forum-related activities." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2011) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

A party may, however, waive an objection to personal jurisdiction and consent to suit in a particular forum. *See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982). "[P]arties to a contract may agree in advance to submit to the jurisdiction of a given court" through a forum selection clause. *See National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964). "When parties consent to personal jurisdiction in a certain forum, there is no need to analyze the forum state's long arm statute or the party's contacts with the forum state." *Allegiant Mktg. Grp., Inc. v. Direct Innovations, LLC*, Case No. CIV-15-40-D, 2015 WL 5038041, at *4 (W.D. Okla. Aug. 26, 2015).

### III. Discussion

#### A. Lack of Personal Jurisdiction

There is no dispute that, absent a finding of waiver and consent, the Moving Defendants would not be subject to personal jurisdiction in the Western District of Oklahoma: ATI Jet and Underhill are Texas citizens and Suburban does not assert that

5

either of them has directed their activities to or had any contacts with the State of Oklahoma such as would support personal jurisdiction in Oklahoma. *See* Defs.' Mot. at 4; Pl.'s Resp. 2-7. To establish waiver and consent, Suburban points to the Agreement's forum selection clause, arguing that the Moving Defendants are bound by that provision due to their close relationship to the Agreement and the instant dispute arising out of the Agreement. *See* Pl.'s Resp. at 9-11. Thus, the parties agree that "the dispositive question before the Court is 'whether ATI and Ms. Underhill may be bound by the forum and venue selection clause and waivers of Paragraph 10.2 [of the Agreement], notwithstanding the fact that they are non-signatories to the Agreement.'" *See* Pl.'s Resp. at 2 (quoting Defs.' Mot. at 4-5).

The Tenth Circuit has not addressed the effect of a forum selection clause on non-signatories. In the venue context, judges of this court have recognized that a non-signatory may be bound if the non-signatory is "closely related" either to a signatory or "the dispute which stems from the agreement in which the forum selection clause appears." *See Mich. Elec. Emps. Health Plan v. Granite Re, Inc.*, No. CIV-10-1164-D, 2011 WL 1870234, at *3 (W.D. Okla. May 16, 2011); *see also OKCDT Enter., LLC v. CR Crawford Constr., LLC*, No. CIV-18-1134-G, 2019 WL 1320063, at *3-4 (W.D. Okla. Mar. 22, 2019). To bind a non-signatory party to a forum selection clause under the "closely related" doctrine, the non-signatory must have been so closely related to the dispute that it was foreseeable that the non-signatory would be bound by the forum selection clause. *Mich. Elec. Emps. Health Plan*, 2011 WL 1870234, at *3 (quoting *Hugel v. Corp. of Lloyd's,* 999 F.2d 206, 209 (7th Cir.1993)); *see also OKCDT Enter., LLC*, 2019 WL 1320063, at *4. The doctrine construes "the conduct of a 'closely related' party as impliedly consenting to an express

waiver in a contract to which it is not a party." *Guaranteed Rate, Inc. v. Conn*, 264 F. Supp. 3d 909, 926 (N.D. Ill. 2017). Therefore, when courts find that a "closely related" non-signatory party has consented to venue, "those courts are relying on an implied waiver." *See id.*

Courts have hesitated to apply the same rule in the context of personal jurisdiction. *See, e.g.*, *Guaranteed Rate, Inc.*, 264 F. Supp. 3d at 925-26; *Am. Neighboordhood Mortg. Acceptance Co. v. Lund*, No. 1:19-03666, 2021 WL 1248522, at *6 (D.N.J. Apr. 5, 2021); *Shanghai Daisy, LLC v. PositivEnergy, Inc.*, No. 19 C 5901, 2020 WL 4365883, at *5-6 (N.D. Ill. July 30, 2020). Although "objections to both personal jurisdiction and venue may be waived, venue 'is primarily a matter of choosing a convenient forum' and 'implicates no constitutional principle,' while '[d]ue process considerations are present in all personal jurisdiction inquiries.'" *Guaranteed Rate, Inc.*, 264 F. Supp. 3d at 924 (internal citations omitted). Noting that foreseeability is insufficient to establish minimum contacts for personal jurisdiction, *see*, *e.g.*, *Am. Health Diagnostics, L.L.C. v. Sonic Packaging Indus.*, No. CIV-04-1303-F, 2005 WL 3050494, at *11 (W.D. Okla. Nov. 14, 2005), these courts have determined that foreseeability is likewise insufficient to establish consent to personal jurisdiction:

> [I]t does not make sense to tie the concept of implied consent to foreseeability. To give consent to personal jurisdiction is to waive objections to a court's assertion of personal jurisdiction. And a waiver is defined as "a conscious relinquishment of a known right." *Anderson v. Catholic Bishop of Chi.*, 759 F.3d 645, 651 (7th Cir. 2014). It "may be express or implied, but the evidence must show a clear, unequivocal and decisive act of a party demonstrating an *intent* to waive the known right." *Id.* (internal quotation marks and citations omitted). While it may be *foreseeable* to a nonsignatory who knowingly allows itself to become embroiled in a dispute related to a

7

> contract with a forum selection clause that it is at risk of being sued in the contractually selected forum, the foreseeability of that risk does not mean the nonsignatory *intended to relinquish* its constitutional right to be free from suit except in a forum with which it has minimum contacts.

*Guaranteed Rate, Inc.*, 264 F. Supp. 3d at 926.

This Court agrees that consent to personal jurisdiction requires more than a non-signatory's close relationship to an agreement or dispute about an agreement that contains a forum selection clause. Accordingly, the alleged actions of ATI Jet and Underhill on behalf of the Trust, while sufficient to show a close relationship to the aircraft sale at issue here, do not show that ATI Jet and Underhill "*intended to relinquish* [their] constitutional right to be free from suit except in a forum with which [they have] minimum contacts." *Monco v. Zoltek Corp.*, No. 17 C 6882, 2019 WL 952138, at *17 (N.D. Ill. Feb. 27, 2019) (emphasis in original) (quoting *Guaranteed Rate, Inc.*, 264 F. Supp. 3d at 926). Because the Moving Defendants are not bound by a forum selection clause they did not sign, and application of that clause is the only basis offered by Suburban for the Court to exercise personal jurisdiction over the Moving Defendants, the Court finds that it lacks personal jurisdiction over the Moving Defendants and their Motion to Dismiss should be granted.[5]

### B. Waiver of Objection to Personal Jurisdiction Due to Continued Participation in Litigation

Suburban contends that ATI Jet waived its objection of lack of personal jurisdiction by participating in this litigation prior to filing its Motion to Dismiss. *See* Pl.'s Resp. at 12.

---

[5] Because the Court lacks personal jurisdiction over Moving Defendants, the Court does not reach Moving Defendants' argument regarding improper venue.

8

"Even if a party asserts the defense of lack of personal jurisdiction in a responsive pleading, if the party continues to participate in litigation before filing a motion to dismiss, the Court can find that the party has waived this defense." *Hedges v. Trailer Express, Inc.*, No. CIV-14-1145-R, 2015 WL 402857, at *3 (W.D. Okla. Jan. 29, 2015). "To waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Hous. Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). "Usually, however, such waiver requires substantial participation in the litigation without timely seeking dismissal." *Andrews v. Palmer*, No. CIV-14-379-RAW, 2016 WL 205161, at *2 (E.D. Okla. Jan. 15, 2016); *see also Hunger U.S. Special Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co.*, No. 99-4042, 2010 WL 147392, at *3 (10th Cir. Feb. 4, 2000) ("After its lengthy participation in this litigation, efforts to seek affirmative relief, and settlement of claims, [Defendant] may not pull its personal jurisdiction defense out of the hat like a rabbit." (internal quotation marks omitted)).

Suburban argues that, notwithstanding ATI Jet's objection of lack of personal jurisdiction in its Answer, *see* Answer (Doc. No. 11), Suburban had the reasonable expectation that ATI Jet would defend this case on the merits based in part on ATI Jet filing a corporate disclosure statement, objecting to an extension of the Scheduling Order deadlines unless it could designate an expert witness, joining in the submission of a joint status report and discovery plan, and complying with scheduling order deadlines. *See* Pl.'s Resp. at 13. ATI Jet, however, engaged in these activities pursuant to Court order. *See*

9

Order of Mar. 31, 2021 (Doc. No. 14); Status and Sched. Conf. Notice (Doc. No. 12); Sched. Order (Doc. No. 16); Order of Aug. 16, 2021 (Doc. No. 23); Am. Sched. Order (Doc. No. 27). And, in so doing, Defendant ATI Jet frequently repeated its objection of lack of personal jurisdiction. *See* Answer (Doc. No. 11); Joint Status Report (Doc. No. 13) at 2; Defs.' Obj. to Mot. for Leave (Doc. No. 20). Consequently, the Court finds that Suburban's alleged expectation that ATI Jet would defend this case on the merits was not reasonable, and ATI Jet did not waive that objection prior to filing its Motion to Dismiss.

## CONCLUSION

For the reasons stated above, Defendants ATI Jet, Inc. and DeeAnna Underhill's Motion to Dismiss (Doc. No. 33) is GRANTED. Plaintiff Suburban Air Express, Inc.'s claims against Defendants ATI Jet, Inc. and DeeAnna Underhill are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 29th day of March, 2022.

_____
CHARLES B. GOODWIN
United States District Judge